Harper, J.
I shall first consider the complainant’s grounds of appeal. We concur with the Chancellor, that “ when there is a concurrent remedy in law and equity upon the case made, the limitation is the same in both Courts,” and the present case is to be considered as at law. But at law, the statute does not begin to run till there is some usurpation of the claimant’s right, and a cause of action has arisen. The possession of an agent or bailee (and a bailment is a trust) is the possession of the bailor or principal, and is not adverse till demand made. In the case of a simple deposit of money, to be left for the depositor, or to be paid according to his direction, there is no cause of action till demand be made or an account stated, and the statute does not begin to run till then. So in the case of an attorney, who receives the money of his client, or a sheriff who receives the money of a plaintiff in execution. So of a steward or factor. Topham v. Braddick, 1 Taunt. 572. And see Chancellor Kent’s decision in Coster v. Murray, 5 Johnson’s Ch. Rep. 531. On this ground, then, we think the Chancellor’s decree must be reversed ; and this disposes of all the complainant’s grounds of appeal.
*With respect to the defendant’s appeal from so much of the Chancellor’s decree as regards the judgment confessed by the complainant to George Lever, we are inclined, though the testimony was not very full, to concur with the Chancellor, who could best judge of the effect of the evidence. If the defendant desires it, however, he may have an *51 issue or issues to a jury, to inquire whether the judgment was founded on any, and what consideration, or was voluntary — whether it was fraudulent, or intended as a security, and if intended as a security, how much is due upon it. At the same time an issue may be taken to try the plea of final account and settlement.
With respect to the appeal from the decision of the Chancellor, rejecting the evidence of the defendant’s handwriting, to prove the execution of the notes, we concur with the Chancellor. The cases referred to in the argument, do establish, that where a subscribing witness to a note or obligation becomes interested or is appointed executor, it may be given in evidence, upon proof of his handwriting. But in those cases, I take it for granted, the instrument was signed by the maker’s own hand, the genuineness of which signature might be the subject of investigation, or that the instrument was shown to have been in existence before the witness’s interest accrued. The door which would be opened to fraud, is conclusive against the reception of such evidence in a case like the present. Every executor might manufacture as many notes as he pleased, of persons unable to write, and recover them, under proof of his own handwriting as subscribing witness. It might be different if the defendant had shown that the notes attested by him were in the. possession of George Lever, in his lifetime, • and found by the defendant among his testator’s papers.
The decree of the Chancellor is modified according to the views expressed.
Johnson and O’Neall, Js., concurred.